UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TOMMY SIMMONS, III, | ) | No. CV 04-9731 SVW (JC) |
| | ) | |
| Plaintiff, | ) | ORDER ADOPTING FINDINGS, |
| | ) | CONCLUSIONS, AND |
| v. | ) | RECOMMENDATIONS OF |
| | ) | UNITED STATES MAGISTRATE |
| COUNTY OF LOS ANGELES, et al., | ) | JUDGE |
| | ) | |
| Defendants. | ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed all of the records herein, including the attached Report and Recommendation of United States Magistrate Judge and plaintiff's objections thereto ("Objections"). The Court has further made a *de novo* determination of those portions of the Report and Recommendation to which objection is made. The Court concurs with and adopts the findings, conclusions, and recommendations of the United States Magistrate Judge in their entirety

and overrules the Objections.  The Court writes separately here solely to emphasize certain points.

First, the Court notes that multiple evidentiary objections were sustained as to some of the exhibits that Plaintiff submitted to the Court, most notably regarding a report from a private investigator named Manuel Alvarez regarding a conversation with Alicia Arias.  (Pls. Opp'n Exh. B.)  These objections were properly sustained.  While the Court is sensitive to Plaintiff's pro se status and has construed Plaintiff's pleadings liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), Plaintiff is not excused from the requirement of presenting admissible evidence to show a triable issue of fact in opposition to summary judgment.  Franklin v. Murphy, 745 F.2d 1221, 1235 (9th Cir. 1984) (although the court must liberally construe pro se plaintiff's pleadings, on a summary judgment motion the plaintiff nonetheless "must present some 'significant probative evidence tending to support the complaint.'") (quoting General Business Systems v. North American Philips Corp., 699 F.2d 965, 971 (9th Cir. 1983)); Orr v. Bank of America, NT & SA, 285 F.3d 764, 773 (9th Cir. 2002) ("A trial court can only consider admissible evidence in ruling on a motion for summary judgment."); United States v. Bell, 27 F. Supp. 2d. 1191, 1197 (E.D. Cal. 1998) ( "[Pro se litigants] must . . . follow the same rules of procedure that govern other litigants.").  Further, the Court has not focused on the **form** in which the Plaintiff's evidence was submitted, but rather on whether the **contents** of the evidence would be admissible at trial.[1]  See Fraser v. Goodale, 342 F.3d 1032, 1036 (9th Cir. 2003)

---

[1] By way of example only, even if Plaintiff had submitted a declaration of Manual Alvarez or if the Alvarez investigative report were introduced at trial, the contents of that report - i.e., Alicia Arias' statements - would still be inadmissible hearsay.  See Orr v. Bank of America, NT & SA, 285 F.3d 764, 778-79 (9th Cir. 2002) (deposition testimony in which the witness testified that an FDIC employee told him that Bank of America had submitted negative documents about the

("At the summary judgment stage we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents."); FDIC v. N.H. Ins. Co., 953 F.2d 478, 485 (9th Cir. 1991) (same). Here, the problems with Plaintiff's evidence are not merely technical in nature; they go to the heart of the evidence's admissibility. The Court could not consider Plaintiff's evidence without wholesale abandoning any adherence to the Federal Rules of Evidence regarding hearsay and authentication. In short, even though Plaintiff is proceeding pro se, no degree of leniency allows the excluded evidence to pass muster.

    Second, the Court is aware that Plaintiff renewed his request for leave to amend his Second Amended Complaint following the filing of Magistrate Chooljian's Report and Recommendation. However, Magistrate Chooljian squarely addressed Plaintiff's earlier request to amend in her Report and Recommendation, see Report and Recommendation at 23 n.26, and Plaintiff's new filings do not alter the analysis. Plaintiff now clarifies that he seeks to amend his Second Amended Complaint so as to (1) dismiss the County of Los Angeles; (2) to add an equal protection claim; and (3) to sue the individually-named Defendants Tommy Harris and Robert Taylor in their official capacities. The first and third proposed changes - dismissing the County of Los Angeles, and suing the individual defendants in their official capacity - would be futile. Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend.") Plaintiff has already sued defendants Harris and Taylor in both their individual and official capacities, and for the reasons

---

plaintiff to the FDIC, when offered to prove that Bank of America had in fact submitted such documents, was inadmissible hearsay that could not be considered on summary judgment; although the deposition itself could be considered on summary judgment, its contents were inadmissible hearsay).

1  stated in the Report and Recommendation, official capacity claims
2  against these defendants necessarily fail. (Report and Recommendation
3  at 2 n.1, 21-23.)  Further, as to the proposed amendment to add an
4  equal protection claim, the Court finds that the request is made in bad
5  faith and would cause undue prejudice to Defendants.  <u>Id.</u> at 845 (when
6  deciding whether to grant leave to amend, court may consider undue
7  delay, prejudice to the opposing party, futility of the amendment, bad
8  faith, and previous opportunities to amend).  Plaintiff has twice
9  previously been granted leave to amend.  More importantly, Plaintiff
10 previously asserted an equal protection claim in an earlier version of
11 the complaint and agreed in response to a motion to dismiss to
12 voluntarily amend his complaint so as to delete the claim.  Under these
13 circumstances, the request to revive the equal protection claim clearly
14 evidences bad faith and is an obvious attempt to stave off summary
15 judgment.  <u>See</u> <u>Schlacter-Jones v. Gen. Tel. of Calif.</u>, 936 F.2d 435,
16 443 (9th Cir. 1991) ("A motion for leave to amend is not a vehicle to
17 circumvent summary judgment."); <u>Parish v. Frazier</u>, 195 F.3d 761, 764
18 (5th Cir. 1999) (same).  While Plaintiff is correct that undue delay,
19 standing alone, would not be sufficient to deny leave to amend, <u>see</u>
20 <u>Bowles v. Reade</u>, 198 F.3d 752, 758 (9th Cir. 1999), here, as Magistrate
21 Judge Choolijian explained, Plaintiff's bad faith motive and the clear
22 prejudice to Defendants (in addition to the delay) weigh strongly
23 against granting leave to amend.  For these reasons, leave to amend is
24 DENIED.
25     IT IS HEREBY ORDERED that: (1) Defendants' Motion for Summary
26 Judgment is GRANTED; (2) Plaintiff's Motion for Summary Judgment is
27 DENIED; and (3) Judgment be entered in favor of defendants the County
28

of Los Angeles, the Los Angeles County Sheriff's Department, Robert Taylor, Jr., and Tommy Harris.

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order and the Report and Recommendation on Plaintiff and on counsel for Defendants.

IT IS SO ORDERED.

DATED:   August 18, 2010

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE